JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Janice Strawder | Allens Lane Art Center |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Pollins, Pollins Law, 303 W. Lancaster Ave., Ste. 1C, Wayne, PA 19087, 610-896-9909

Attorneys *(If Known)*
Elizabeth A. Stefanski, Esq. - Burns White

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [x] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA

Brief description of cause:
Retaliation and age discrimination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   *Unliquidated*

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   8/3/26

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

10/2024

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: _Philadelphia, PA_

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ is not related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.  Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):*_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ does not have implications beyond the parties before the court and ☐ does / ☒ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANICE STRAWDER** | : | |
| Plaintiff | : | **CIVIL ACTION NO.** |
| v. | : | |
| **ALLENS LANE ART CENTER** | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## COMPLAINT

### I.  INTRODUCTION

1. Plaintiff, Janice Strawder (Strawder), is suing her former employer, Allens Lane Art Center (ALAC), for retaliation and age discrimination. Strawder brings this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (ADEA), the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq*. (PHRA), and the City of Philadelphia Fair Practices Ordinance § 9-1103(1) (FPO). ALAC terminated Strawder in retaliation for her multiple complaints about being discriminated against due to age discrimination and/or due to her age. Strawder seeks compensatory and punitive damages (compensatory damages for PHRA and FPO violations only, punitive damages for ADEA retaliation and FPO violations only), back pay and benefits, front pay and benefits in lieu of reinstatement, liquidated damages (ADEA only), interest, costs, injunctive and declaratory relief and attorneys' fees/expenses from ALAC.

### II.  JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and the ADEA. Furthermore, ALAC's conduct with regard to Strawder violated the PHRA and the FPO, and the pendant jurisdiction of this Court is invoked to remedy those violations.

3. Strawder has exhausted all remedies available to her as set forth in the ADEA, the PHRA, and the FPO. She filed a complaint with Pennsylvania Human Relations Commission in January 2025.

4. Venue is proper in the Eastern District of Pa. because Strawder's claims arose in this judicial district.

III.    **PARTIES**

5. Strawder is currently 69 years of age, and she resides in Philadelphia, PA.

6. Strawder is a ceramic studio manager and ceramic arts instructor. She worked with ALAC as a contractor/partner from September 2014 to December 2021 and then as an employee from January 2022 through August 2024 as the Ceramic Studio Manager.

7. Founded in 1953, ALAC is located in the Mt. Airy section of Philadelphia. ALAC offers art classes for children and adults, art exhibitions, and art markets and festivals.

8. According to ALAC's IRS Form 990 for 2024 (https://projects.propublica.org/nonprofits/organizations/236005579/202621409349300507/full), ALAC employed 50 employees. Accordingly, ALAC is an employer as defined in the ADEA, PHRA, and FPO.

IV.    **FACTUAL BACKGROUND**

9. In September 2014 Strawder established a partnership with ALAC to develop a ceramic arts program. At the time, Strawder was running her own studio called Manayunk Pottery.

10. Over the next 10 years, Strawder built the ceramics/pottery program at ALAC to over 140 students per 10-week sessions occurring 4x/year.

11. Strawder managed three studio technicians and developed and managed a bi-annual student exhibition and sale, which included offsite and gallery locations.

12. In January 2022, Strawder became a W-2 employee of ALAC.

13. In about September 2022, Vita Litvak (Litvak) became the Executive Director of ALAC. Litvak is about 24 years younger than Strawder.

14. In about December 2022, Mechele Abraham (Abraham) became the Director of Education and she became Strawder's supervisor as of January 2024. Abraham is about 29 years younger than Strawder.

15. In November 2023, ALAC began a series of discriminatory actions directed at staff and students, all of whom were between 50-75 years of age. An older student was expelled from classes, one older teacher was dismissed and two left for not feeling supported, and several older students who wrote to the ALAC Board in protest were ignored.

16. On January 22, 2024, ALAC informed Strawder that she will not be teaching one of her long-standing classes for the Spring term. She was told by Abraham that "to be fair, others deserve a change to teach".

17. Strawder was replaced by Paige Weeks, an apprentice studio technician who is about 42 years younger than Strawder. Weeks had no prior adult student teaching experience.

18. By this time, Strawder believed ALAC was discriminating against her due to her age, just as ALAC had done with other teachers and students. Strawder was concerned about complaining, because she feared if she did so, ALAC would retaliate against her.

19. On April 18, 2024, Litvak informed Strawder that ALAC was changing the description and title of her position from Ceramic Studio Manager to Art Studio Manager and that the position would be opened to other candidates. Litvak explained that the new position would encompass Strawder's responsibilities as Ceramic Studio Manager and, in addition, would manage supplies for all studio programs at the art center.

3

20. Litvak did not explain why Strawder was not simply reclassified to the new title. Litvak told Strawder that she was welcome to apply for the position, but Litvak said she did not think Strawder would be interested.

21. Despite Litvak discouraging Strawder to do so, Strawder applied for the position on April 30.

22. On May 11, Litvak emailed Strawder to schedule an interview for May 15.

23. On May 12, Strawder emailed an age discrimination complaint to ALAC's Board of Directors and to Litvak, Abraham and Tara Harrison Turner, Operations Manager (Turner).

24. On May 14, Litvak emailed Strawder and stated that the search and interviews for the Art Studio Manager would be paused for the duration of the investigation of her age discrimination complaint.

25. Contrary to her May 14 email, Livak continued to conduct interviews with other younger candidates.

26. On May 15, Litvak emailed Strawder and informed her that her May 15 afternoon interview was canceled.

27. Several days later, Strawder was informed by lawyers at the law firm of Holland & Knight that their law firm had been retained by ALAC to conduct an impartial, independent investigation of the allegations contained in her May 12 age discrimination complaint.

28. On May 20 Litvak told Strawder she would be her immediate supervisor for the duration of the investigation.

29. On May 23, Strawder met virtually with several lawyers from Holland & Knight to discuss her age discrimination complaint.

4

30. On the same day, Litvak conducted a second interview with Chloe Theodosiou for the position of Art Studio Manager. Theodosiou is about 39 years younger than Strawder.

31. Following Strawder's termination, ALAC offered the position to Theodosiou.

32. Theodosiou started working in the position for ALAC in August 2024.

33. On about June 5, Strawder emailed to the Holland & Knight lawyers a list of 10 witnesses who would support the statements she made in her age discrimination complaint. She provided the Holland & Knight lawyers with contact information for each witness.

34. On June 7, Strawder had another virtual meeting with the Holland & Knight lawyers.

35. She asked if they had received the list and if they had contacted any of the potential witnesses. The lawyers acknowledged that they had received the list, but they did not say whether they had or were going to contact any of Strawder's witnesses.

36. After Strawder submitted her May 12 age discrimination complaint, ALAC began treating her even more negatively than before.

37. Her access to the studio to support the children's summer Camp Program was severely limited. This restriction had never been imposed in the previous nine years.

38. Strawder's duties as Ceramic Studio Manager were assigned to other, younger staff, her access code to the building was temporarily taken away, and the hours she could work on-site were severely restricted.

39. Her Fall 2024 teaching schedule was reduced when ALAC assigned other, younger teachers to her long standing "Friday Night Clay Dates".

40. As a result of these actions by ALAC, on July 30, Strawder emailed a retaliation complaint to ALAC's Board of Directors and to Litvak, Turner, Abraham, and the Holland & Knight lawyers.

5

41. On August 1, Strawder had another meeting with the Holland & Knight lawyers. During this meeting, the Holland & Knight lawyers informed her that they had investigated both her initial and her retaliation complaint (which Strawder had made just two days ago) and they determined there was no probable cause to either of her complaints.

42. Strawder determined during the meeting that the Holland & Knight lawyers had not talked to any of her 10 witnesses. They would not give Strawder a reason for not interviewing any of her witnesses and adamantly told Strawder they would not discuss it. They also informed Strawder that a few people had said that she was racist, although they gave her no additional information. Strawder had no idea what those accusations were based on or why they had anything to do with her age discrimination and retaliation complaints against ALAC.

43. On the same day, ALAC's Board President, Susan Matyas (Matyas) asked Strawder to meet with her the following day, offsite of ALAC. She did not state the purpose of her meeting with Strawder.

44. Matyas rescheduled the meeting to August 13. At that meeting, Matyas, accompanied by a fellow board member, Sigrid Lundby (Lundby), informed Strawder that ALAC was immediately terminating her employment.

45. Matyas stated that ALAC was terminating her employment due to her improperly accessing a confidential computer donor file, editing the file, and then deleting the file.

46. None of this is true and ALAC knows this is not true.

47. Previously, on April 17, Litvak had emailed all ALAC staff and invited them to review a new files structure that ALAC had implemented.

48. Since Strawder needed to update some of the ceramic files within the new file structure, she attempted, without success, to find her ceramic files. In July, Strawder, while

working in another program, was presented with access to the new file structure. She opened the

first file presented by the system, a donor information file, determined it was not hers, and closed

it without editing or deleting.

49. On July 13, Litvak emailed Strawder and asked why she had opened a file and made

edits. Litvak's July 13 email is shown below:

**From:** Vita Litvak <vita@allenslane.org>
**Sent:** Saturday, July 13, 2024 11:12 AM
**To:** Janice Strawder <janice@allenslane.org>
**Cc:** Susan Matyas <susan.matyas03@gmail.com>
**Subject:** Sharepoint Access

> Janice
>
> We saw that you accessed and edited a donor data file on Sharepoint recently and have a screenshot of your activity in this file.
>
> Why did you access the file and what edits did you make?
>
> These files are confidential and you will need to sign a confidentiality and non/disclosure agreement on Monday. IF YOU DOWNLOADED the file you must delete it off your computer immediately as the data is only to remain on company computers that we are sure are secure.
>
> I'm putting together an incident report as this is a breach of our donor's confidentiality and protocol for managing donor files. No one was given permission or access to the files but myself and Leah.
>
> Vita

50. On July 17, Strawder responded to Litvak and informed her she may have

inadvertently opened a file, but she did not edit any file. Strawder's July 17 email is attached

below:

**Re: Sharepoint Access**

Janice Strawder <janice@allenslane.org>
Mon 7/15/2024 7:07 AM
To:Vita Litvak <vita@allenslane.org>
Cc:Susan Matyas <susan.matyas03@gmail.com>
Bcc:manayunkpottery@gmail.com <manayunkpottery@gmail.com>
Hi Vita
I have been trying to get more familiar with Outlook and associated calendar, feed, and apps, when I came across a listing of files. Since you had recently asked staff to look at the file structures, I took a look to see if any of the ceramic files had been moved over from Google Docs.
I'm sorry if i inadvertently opened any file I wasn't supposed to. I certainly wouldn't edit anyone else's files, nor would I download without permission or breach confidentiality.

Again, my apologies.

Janice


Ceramic Studio Manager
Allens Lane Art Center
601 W Allens Ln
Philadelphia, PA 19119
Office: 215-248-0546


51. At the August 13 termination meeting, Matyas stated ALAC had a screenshot that supposedly showed Strawder deleted an Excel donor list file on July 16, 2024. Strawder denied any such action.

52. Matyas then presented Strawder with a settlement offer in the form of a Confidential Separation Agreement and General Release in which ALAC offered her 1) a one-time aggregate payment of $10,000 (about 30% of her yearly earnings), 2) a promise that her termination would be characterized as a resignation, and 3) the opportunity to review any internal or external messages ALAC sent regarding her separation of employment from ALAC.

53. The separation agreement also stated the following:

Strawder acknowledges and agrees that, in no event, shall any potential future adverse employment decision by the Allens Lane Releasees with respect to Strawder be deemed to have been caused or motivated, in whole or in part, by unlawful retaliation relating to the May 12 or July 29 Letters or any allegations or facts related to the May 12 or July 29 Letters, including without limitation, this Agreement.

8

54. Strawder did not understand why ALAC wanted her to agree that any *future* negative actions taken by ALAC could not be considered retaliatory for her prior complaints of age discrimination and retaliation.

55. Based on the foregoing, ALAC terminated Strawder due to retaliation and/or age discrimination.

56. Strawder has suffered, is now suffering and will continue to suffer emotional distress, embarrassment, humiliation, inconvenience, mental anguish, career damage and other losses as a direct result of ALAC's illegal conduct.

57. ALAC acted willfully under the ADEA.

## V.   CLAIMS

### Count I – Retaliation (ADEA, PHRA. and FPO)

58. Paragraphs 1 through 57 are incorporated by reference as if fully set forth herein.

59. The acts, failures to act, practices and policies of ALAC set forth above constitute retaliation in violation of the ADEA and the PHRA.

60. As a result of ALAC's illegal retaliation, Strawder has suffered harms and losses in the form of emotional distress including anxiety, stress, humiliation, career damage and embarrassment, back pay and benefits, and front pay and benefits.

WHEREFORE, Strawder demands judgment in her favor and against ALAC for compensatory damages (under the PHRA and FPO only), back pay, front pay in lieu of reinstatement, lost benefits, punitive damages (under the ADEA and FPO only), attorney's fees plus costs, interest, declaratory relief that the conduct engaged in by ALAC violated Strawder's civil rights, equitable/injunctive relief directing ALAC to cease any and all unlawful retaliation, and such other relief as the Court shall deem proper.

9

**COUNT II – Age Discrimination (ADEA, PHRA. and FPO)**

61. Paragraphs 1-57 are incorporated by reference as if fully set forth herein.

62. The acts, failures to act, practices and policies of ALAC set forth above constitute age discrimination in violation of the ADEA and PHRA.

63. As a result of ALAC's illegal retaliation, Strawder has suffered harms and losses in the form of emotional distress including anxiety, stress, humiliation, career damage and embarrassment, back pay and benefits, and front pay and benefits.

WHEREFORE, Strawder respectfully demands judgment in her favor and against ALAC for compensatory damages (under the PHRA and FPO only), back pay, front pay, liquidated damages (under the ADEA only), interest, attorney's fees plus costs, declaratory relief that the conduct engaged in by ALAC violated Strawder's civil rights, equitable/injunctive relief directing ALAC to cease any and all unlawful age discrimination against their employees and students and such other relief as the Court deems proper.

Respectfully submitted,

By:     /s/ Scott M. Pollins
          Scott M. Pollins/ Pa. Atty. Id. No. 76334
          **Pollins Law**
          303 W. Lancaster Ave., Ste. 1C
          Wayne, PA 19087
          (610) 896-9909 (phone) / (610) 896-9910 (fax)
          scott@pollinslaw.com (email)

Date:   8/3/26                    Attorney for Plaintiff, Janice Strawder

10